THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARMELO PAGÁN, Defendant and Appellant.

No. 5558. Argued November 9, 1934.—Decided March 19, 1935.

M. *Acosta Velarde* for appellant. *R. A. Gómez, Prosecuting Attor-ney*, for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Pagán, a locomotive engineer, was convicted of a violation of section 328 of the Penal Code and sentenced to six months in the penitentiary. He appealed and obtained an order for the preparation of a transcript of the evidence. Later the court's stenographer obtained an order for the deposit of $125.00 to cover his fees for making the transcript. Appellant then moved for an order relieving him from the necessity of making this deposit and directing the stenographer to furnish him a transcript free of charge. The showing in support of this motion was to the effect that appellant, with a wife and two children dependent on him for support, was receiving from the American Railroad Company of Puerto Rico a salary of $75.00 a month, had no property and was not receiving money from any other source. The district judge overruled this motion because it did not appear therefrom that appellant was an "indigent person" within the meaning of the proviso contained in section 5 of "An Act to provide for the appointment, duties, and compensation of stenographers of the district court," approved March 10, 1904. Comp. Stat. 1911, section 1281. The present appeal is from this ruling.

Appellant admits that he is not an "indigent person" but submits that the district court erred in overruling his motion for this and no other reason. Whether or not, under a more liberal construction of section 5 of the Law of 1904 and of section 356 of the Code of Criminal Procedure, as amended in 1925 (Session Laws, p. 108) appellant would have been entitled to a free transcript is a question that was not passed upon by the district court and need not be decided now.

The law of 1904 first provides that: "where after conviction the defendant in a criminal case shall satisfy the court by affidavit or otherwise that he is unable, by reason of his poverty to pay for such copy so requested by him or his attorney, the stenographer shall issue such copy free of charge." Then the law says that: "in all civil cases in which a party to an action shall file the required affidavit, showing his inability to pay the cost required by law, such person shall be entitled to the gratuitous services of the court stenographer on the same terms as the same are given to indigent persons in criminal cases, and the fees of the stenographer shall be included in the costs when the latter are imposed upon the party able to pay same."

The district judge attached too much importance, we think, to the words "on the same terms as the same are given to indigent persons." The words "indigent persons" as here used must be construed in connection with the context. In the preceding sentence the legislature had just said that the stenographer shall issue a copy of the transcript free of charge to any defendant in a criminal case who can "satisfy the court by affidavit or otherwise that he is unable, by reason of his poverty to pay for such copy." Here the Legislature was dealing directly with the question as to what should be demanded of an impecunious defendant in a criminal case and the only showing required was "that he is unable, by reason of his poverty to pay," not that he is an "indigent person." Immediately preceding the words stressed by the district court, the legislature had just said that the affidavit necessary in civil cases in order to entitle a party to "the gratuitous services of the court stenographer" was an affidavit "showing his inability to pay the cost required by law." Thus the inability to pay is the text expressly prescribed by the legislature in both civil and criminal cases when the legislature had its mind fixed directly on the question as to what this test should be. We do not believe that

the legislature, after conferring a privilege upon all defendants in criminal cases who by reason of their poverty were unable to pay, intended in the next sentence by a mere reference to such defendants as "indigent persons" to deprive many or most of them of that privilege. Yet, this would be the result if the word "indigent" should be construed as it was construed by the district court to mean destitute, or without the necessaries of life and should then be permitted to over-ride the plain provision of the preceding sentence. Moreover, such a construction would make of the second sentence itself a plain contradiction in terms. Hence the words "indigent persons" must be deemed to mean persons who by reason of their poverty are unable to pay for a transcript. This was the conclusion reached by the district court and by this court in *Berríos* v. *Garáu*, 44 P.R.R. 753. This conclusion is also in line with section 356 of the Code of Criminal Procedure which, as amended in 1925, now provides that: "when the defendant-appellant shall have proved his insolvency to the court, it shall be the duty of said court to order the stenographer to prepare and file the transcript, free of charge." See also *People* v. *Lawton*, 46 P.R.R. 178, and *People* v. *Ramos, ante*, p. 205.

The order appealed from must be reversed and the case will be remanded for further proceedings not inconsistent herewith.